# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-CP-01088-COA

**MELVIN LEE CARDWELL A/K/A MELVIN L.**        **APPELLANT**
**CARDWELL**

**v.**

**STATE OF MISSISSIPPI**        **APPELLEE**

DATE OF JUDGMENT:        08/28/2024
TRIAL JUDGE:        HON. KENT E. SMITH
COURT FROM WHICH APPEALED:        CALHOUN COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        MELVIN LEE CARDWELL (PRO SE)
ATTORNEY FOR APPELLEE:        OFFICE OF THE ATTORNEY GENERAL
        BY: ASHLEY LAUREN SULSER
NATURE OF THE CASE:        CIVIL - POST-CONVICTION RELIEF
DISPOSITION:        AFFIRMED - 09/09/2025
MOTION FOR REHEARING FILED:

**BEFORE WILSON, P.J., LAWRENCE AND McCARTY, JJ.**

**McCARTY, J., FOR THE COURT:**

¶1.    A criminal defendant's second petition for post-conviction relief was denied by a trial court as a successive writ. Finding no error, we affirm.

¶2.    In 2021, a Calhoun County grand jury issued a 21-count indictment against Melvin Lee Cardwell. Three counts were for the sexual battery of a child. Two counts charged him with child exploitation for possessing a cell phone and a thumb-sized memory stick containing images of child sexual-abuse material. The remaining sixteen counts were for exploitation of the child by photographing her engaging in sexual conduct. Cardwell pled guilty to all counts.

¶3.    During the guilty plea hearing, Cardwell testified that his attorney conferred with him

and that he was satisfied with the legal advice he had received. He admitted he had committed the conduct alleged in his indictment. He was later sentenced at a subsequent hearing.

¶4. At sentencing, the defendant's mother and father asked the trial court for leniency. Cardwell then took the stand and addressed the victim's family, stating, "I can never ask y'all for y'all's forgiveness for what I have done to y'all. I know I deserve a lot worse, but I pray that y'all show me leniency."

¶5. While on the stand, he confessed he became sexually attracted to the child when she was around 8 years old. He also admitted to committing sexual acts on the child and photographing her over a three-year period. He further admitted to having 498 images of child sexual-abuse material on the thumb drive and 338 images of CSAM on the cell phone.[1]

¶6. The trial court sentenced Cardwell to serve a term of 10 years, suspended, for the possession of the phone and 10 years, suspended, for possession of the thumb drive; 40 years for the three counts of sexual battery, with none suspended; and 40 years for the remaining counts of possession of the images, suspended. His time to serve for the three counts of sexual battery was subsequently reduced to 30 years in custody.

¶7. Less than two years later, on August 28, 2023, Cardwell filed a handwritten pleading titled "Motion for Post-Conviction Relief." The clerk for the Calhoun County Circuit Court correctly scratched out the handwritten caption associated with Cardwell's criminal matter

---

[1] While not the focus of the indictment or the plea, Cardwell disclosed that when he was 15 years old, he had also taken photos of another child. Cardwell was 27 at the time of his plea.

and opened a new civil matter, placing it on the docket. *See* Miss. Code Ann. § 99-39-7 (Rev. 2020) ("The motion under this article shall be filed as an original civil action in the trial court").

¶8. In the PCR petition, Cardwell claimed his *Miranda* rights were violated, he was denied effective assistance of counsel, and other constitutional violations. He argued he was not properly Mirandized prior to an interview and alleged his "lawyer never looked into the matter or asked me anything related to the [State] never reading me my *Miranda* rights." He also argued that his lawyer "told me I was indicted but I never received any indictment papers" and that he was never shown them either.

¶9. The trial court found that Cardwell's guilty plea belied the arguments in his PCR petition and denied relief.

¶10. Then in August 2024, about a year after his first petition, Cardwell sought post-conviction relief for a second time. This time he claimed ineffective assistance of counsel for his lawyer's failure to file a motion to suppress his statement to authorities, again arguing a violation of *Miranda*.

¶11. The trial court determined that Cardwell had previously sought post-conviction relief and been denied. Accordingly, the trial court found his 2024 PCR attempt to be procedurally barred as "a successive motion[.]"[2] Cardwell appealed.

---

[2] The trial court relied upon the order from Cardwell's first PCR file in reaching this decision. Per the Rules of Civil Procedure, that order was required to be included in the record of this case. *See* MRCP 54(c) ("When a court summarily dismisses a motion for post-conviction collateral relief . . . the order must identify the files, records, transcripts, and correspondence the court relied on *and direct that certified copies of those documents be placed in the motion cause number's file*") (emphasis added). Nonetheless, we may take

¶12.    The purpose of our PCR statutes "is to provide prisoners with a procedure, *limited in nature*, to review those objections, defenses, claims, questions, issues or errors which in practical reality could not be or should not have been raised at trial or on direct appeal." Miss. Code Ann. § 99-39-3 (Rev. 2020) (emphasis added). Crucially, "any order dismissing the petitioner's motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed." Miss. Code Ann. § 99-39-23(6) (Rev. 2020). A dismissal or a denial of a PCR "shall be a bar to a second or successive motion under this article." *Id.*; *see also Hyland v. State*, 401 So. 3d 1056, 1059 (¶6) (Miss. Ct. App. 2024) (finding that a PCR motion was properly dismissed as successive when it was "his second PCR motion").

¶13.    Cardwell's 2024 petition is the second time he has sought post-conviction relief. Per the statute, because his previous request for post-conviction relief was denied, any successive petition is barred. "Moreover, [Cardwell] has not demonstrated that any statutory exception applies" to overcome the bar. *Hyland*, 401 So. 3d at 1059 (¶11); *see* Miss. Code Ann. § 99-39-5(2) (listing the statutory exceptions to the successive-writ bar). Therefore, the trial court was correct in classifying Cardwell's second petition as successive and rejecting it as barred by law.

¶14.    **AFFIRMED.**

        **BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS,**

judicial review of a filing on a court docket. *See Badger v. State*, 290 So. 3d 377, 381 (¶14) (Miss. Ct. App. 2020) (collecting cases acknowledging that this Court can take judicial notice of a filings on a docket). Cardwell attached the order denying relief as an excerpt to his brief, and it is likewise retrievable via MEC.

4

**McDONALD, LAWRENCE, EMFINGER, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR.**